IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CORY NAROG,

        Plaintiff,

  v.

CERTEGY CHECK SERVICES, INC.,

        Defendant.
                                      /

No. C 10-03116 SI

**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**

Defendant's unopposed motion to dismiss is currently set for hearing on September 3, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, the Court hereby GRANTS the motion to dismiss with leave to amend. <u>Plaintiff's amended complaint is due by September 10, 2010.</u>

**DISCUSSION**

Plaintiff Cary Narog, proceeding pro se, filed suit in the small claims division of the Alameda County Superior Court on September 23, 2009 against Certegy Check Services, Inc. Plaintiff alleged that defendant charged excess interest on his credit cards and loan, in violation of the "Fair Credit Protection Act." According to defendant, it was not served with a copy of the complaint until June 18, 2010. Thereafter, on July 16, 2010, defendant removed the action to this Court. On July 21, 2010, defendant filed a motion to dismiss for failure to state a claim. Plaintiff has failed to oppose the motion.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and rises

"above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The complaint in this case consists solely of a small claims form provided by the state court on which plaintiff described his claim as follows: "Violation of Fair Credit Protection Act. Excess interest on credit cards and loans over the past 6 years." Complaint at 2. As defendant points out, there is no statute known as the Fair Credit Protection Act. The Court is aware of two federal statutes under which plaintiff may have intended to bring suit: the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. However, without a further description of the basis for plaintiff's claims, the Court cannot determine whether plaintiff is entitled to proceed under either of these statutes or any other legal authority.

The motion to dismiss is accordingly GRANTED with leave to amend. In his amended complaint, plaintiff should describe the facts underlying his claim, identify the law(s) pursuant to which he wishes to sue, and explain how, in his view, the facts add up to a violation. Plaintiff's amended complaint is due by **September 17, 2010.** In the event plaintiff does not file an amended complaint, the Court will be prepared to dismiss this action with prejudice.

## CONCLUSION

For the foregoing reasons, and for good cause shown, the unopposed motion to dismiss is GRANTED. (Docket No. 9). Plaintiff shall file his amended complaint by September 10, 2010.

**IT IS SO ORDERED.**

Dated: August 30, 2010

_____
SUSAN ILLSTON
United States District Judge

2