**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY NAROG, | No. C 10-03116 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |
| v. | |
| CERTEGY CHECK SERVICES, INC., | |
| Defendant. | |

Defendant Certegy Check Services, Inc.'s motion to dismiss is currently scheduled for hearing on January 14, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion without leave to amend.

**BACKGROUND**

Plaintiff Cary Narog, proceeding pro se, filed suit in the small claims division of the Alameda County Superior Court on September 23, 2009 against Certegy Check Services, Inc. Plaintiff alleged that defendant violated the "Fair Credit Protection Act." According to defendant, it was not served with a copy of the complaint until June 18, 2010. Thereafter, on July 16, 2010, defendant removed the action to this Court. Defendant filed a motion to dismiss for failure to state a claim on July 21, 2010. Plaintiff failed to oppose the motion.

On August 30, 2010, the Court granted defendant's unopposed motion to dismiss. The complaint consisted solely of a small claims form provided by the state court on which plaintiff described his claim

as follows: "Violation of Fair Credit Protection Act. Excess interest on credit cards and loans over the past 6 years." Complaint at 2. As defendant pointed out, there is no statute known as the Fair Credit Protection Act. The Court was not able to determine whether plaintiff was intending to bring his claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, or the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Additionally, without a further description of the basis for plaintiff's claims, the Court was not able to determine whether plaintiff was entitled to proceed under either of these statutes or any other legal authority. The Court granted plaintiff leave to amend.

On September 14, plaintiff filed a First Amended Complaint ("FAC"). In it, plaintiff asserts three claims under the FDCPA: failure to respond to a validation request as required by Section 809(b) of the Act, *codified at* 15 U.S.C. § 1692g(b); failure accurately to represent a debt and debt payee as required by Section 807 of the Act, *codified at* 15 U.S.C. § 1692e; and unfair practices in requesting a fee for dismissal of the mark from his credit report as prohibited by Section 808 of the Act, *codified at* 15 U.S.C. § 1692f. FAC ¶ 5. He requests $1,000 for each alleged violation, plus $1,750 in actual damages for interest accrued as a result of the violations, plus any other relief to which he might be entitled. *Id.* ¶ 6. He also requests that the Court order defendant to remove the derogatory mark from his credit report. *Id.*

In the complaint, plaintiff explains that he found a derogatory mark on a credit report on May 4, 2009. The creditor was listed as "Certegy." He wrote defendant requesting information about the derogatory mark on May 7, 2009. Defendant failed to respond. Plaintiff then called defendant and spoke with a person who told him that defendant had closed plaintiff's account, that he did not know why the account was placed for collections. The person then requested money to remove the derogatory mark from plaintiff's report. Plaintiff requested this response in writing. Later, on June 29, 2009, plaintiff received a letter stating that the account had been closed on 11/11/05 and that his credit report would be amended to reflect the paid status of the debt. Defendant never explained the history of the mark or why the account was not listed as closed earlier. The derogatory mark remained on his credit report. Plaintiff again called defendant, this time to find out why he was never provided a response to his initial request for information. Plaintiff was told that defendant tried to respond but did not have plaintiff's correct address on file. Plaintiff alleges that this is a false statement, since he had in fact

2

received communication by mail from defendant. FAC ¶ 5.

Plaintiff argues that defendant inaccurately reported a debt, and that this inaccurate report has been detrimental to his credit rating and therefore has improperly subjected him to higher interest rates than he otherwise would have had to pay on credit cards and car loans; he also argues that wrestling over the issue with defendant has cost him time that he could have better spent on his studies and on his family. *Id.* Attached to the complaint are exhibits that plaintiff identifies as (1) his May 7 letter, including tracking information; (2) part of a credit report that includes the derogatory mark, with handwritten notes that correspond to plaintiff's allegations regarding whom he spoke to at Certegy and what they told him; (3) defendant's June 29 letter; and (4) a work sheet showing how plaintiff calculated his damages request. The credit report lists an account under the heading "CERTEGY" with the following information:

> Condition: Derogatory
> Balance: $0
> Type: Collection
> Pay Status: Late 120 Days

Under the two-year payment history there is no information.

On September 30, 2010, defendant filed a motion to dismiss plaintiff's First Amended Complaint. Plaintiff has not filed any papers in opposition.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court

must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

**I.     FDCPA**

Defendant argues that plaintiff has failed to allege any of the elements necessary to prove an FDCPA claim. First, he failed to plead that defendant is a "debt collector" subject to the Act (which, defendant argues, it is not). Second, he failed to plead that plaintiff is a consumer within the meaning of the Act. Third, he failed to plead that defendant sought to collect a debt from him within the meaning of the Act (which, defendant argues, it did not do); and in any event, he pled that any obligation was actually paid, and once a debt is paid there is no "debt" and there can be no debt collection that violates the FDCPA. Fourth, defendant argues that the one year statute of limitations has passed, because the

First Amended Complaint does not relate back to the original small claims complaint. Finally, defendant argues that even if the FDCPA applies, plaintiff failed to allege facts that would show defendant committed any conduct proscribed by the Act. Defendant argues that leave to amend should not be granted.[1]

The Court agrees that the FDCPA claims should be dismissed, because all of plaintiff's claims related to defendant's action after defendant had already acknowledged that plaintiff did not owe a debt.

The FDCPA defines "debt" as

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C.A. § 1692a(5). The sections under which plaintiff makes his claims all prohibit certain actions taken in connection with the collection of a debt. *See* 15 U.S.C. § 1692e (FDCPA § 807) ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."); *id.* § 1692f (FDCPA § 808) ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."); *id.* § 1692g(b) (FDCPA § 809(b)) (mandating that "the debt collector shall cease collection of the debt, or any disputed portion thereof" after certain actions taken by a consumer).

It is clear from plaintiff's pleadings that he has alleged that a debt existed at one time. However, plaintiff complains only of acts or omissions relating to things that plaintiff alleges that defendant should or should not have done on or after May 4, 2009, the date that plaintiff discovered the derogatory mark on his credit report. Although the credit report lists the account as derogatory and having had a 120-day late payment, it also lists the balance of the account at $0. That is to say, at one time there was a debt and it was not paid as promised, but now the is no debt left that needs to be paid off. A plaintiff cannot allege a claim for violation of the FDCPA based on conduct that occurred after he paid his debt in full,

---

[1] Citing local rules from other district courts, defendant also argues in a reply brief that the Court should construe plaintiff's failure to file an opposition as his consent to the grant of defendant's motion. Considering the Court's obligation to afford pro se plaintiffs the benefit of any doubt, *Bretz*, 773 F.2d at 1027 n.1, as well as the Ninth Circuit's unequivocal pronouncement that a court may not grant a motion for summary judgment merely because the nonmoving party failed to file opposition papers, *Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003), the Court will address defendant's motion to dismiss on the merits.

5

and after the debt collector acknowledged that the debt was paid in full. *See Winter v. I.C. System Inc.*, 543 F. Supp. 2d 1210, 1213 (S.D. Cal. 2008). Under the FDCPA, that conduct is not taken in connection with the collection of a debt. Therefore, the Court GRANTS defendant's motion to dismiss.

## II. FCRA

It seems that plaintiff's concern is less with how defendant went about collecting a debt, and more with how it reported plaintiff's account to the credit reporting agencies and what it did after plaintiff complained. It appears that the Fair Credit Reporting Act rather than the Fair Debt Collection Practices Act was the statute that governed how defendant should have responded to plaintiff's communications. However, even if defendant violated FCRA, it does not appear that FCRA provides plaintiff with a remedy.

In *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009), the Ninth Circuit described this problem in detail:

> Congress enacted the Fair Credit Reporting Act ("FCRA") in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. As an important means to this end, the Act sought to make consumer reporting agencies exercise their grave responsibilities in assembling and evaluating consumers' credit, and disseminating information about consumers' credit with fairness, impartiality, and a respect for the consumer's right to privacy. In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called "furnishers" in the statute. Section 1681s-2 sets forth responsibilities of furnishers of information to consumer reporting agencies, delineating two categories of responsibilities. Subsection (a) details the duty to provide accurate information, and includes the following duty:
>
> (3) Duty to provide notice of dispute
>
> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
>
> Section 1681s-2(b) imposes a second category of duties on furnishers of information. These obligations are triggered upon notice of dispute—that is, when a person who furnished information to a [Credit Reporting Agency or] CRA receives notice from the CRA that the consumer disputes the information. Subsection 1681s-2(b) provides [certain duties] . . . that arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).
>
> The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. However, § 1681s-2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute

6

      from a CRA.  Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies.

*Id.* at 1153–54 (internal quotation marks, citations, and footnotes omitted).

      In plain English: when plaintiff disputed the derogatory mark with defendant, he triggered a provision of FCRA that obligated defendant to do certain things.  However, even if defendant did not do what that provision of FCRA required defendant to do, plaintiff may not sue defendant in court for violating FCRA.  A person may only sue a furnisher of information in court under FCRA—and it appears from plaintiff's complaint that defendant is a furnisher of information—if the person first disputes the derogatory mark *with the Credit Reporting Agency* (here, according to the credit report attached to the complaint, Equifax); if the CRA then notifies the furnisher of information of the dispute; and if the furnisher of information then fails to perform its duties under Section 1681s-2(b).

      FCRA is not merely a "complex statutory scheme," *see Skwira v. United States*, 344 F.3d 64, 74 (1st Cir. 2003), but one that has been said to contain "almost incomprehensibly complex provisions" and "esoteric strictures," *Burrell v. DFS Services, LLC*, --- F. Supp. 2d ----, 2010 WL 4926704, * 1 (D. N.J. 2010) (granting a motion to dismiss FCRA claims, but noting that "a layperson . . . could not possibly have been expected to comply with the procedural requirements of that statute" and that the plaintiff "attempted to address the [problem] in a manner that most similarly-situated consumers would consider reasonable").  Although the Court has sympathy for the time and effort that plaintiff has taken to remove from his credit report a derogatory mark that may well be inaccurate and may well have impacted his credit rating and interest rates, the Court does not believe that he could amend his complaint to state a cause of action either under the FDCPA or under FCRA.

**CONCLUSION**

For the foregoing reasons, and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss without leave to amend. (Doc. 18).

**IT IS SO ORDERED.**

Dated: January 10, 2011

SUSAN ILLSTON
United States District Judge